JOURNAL ENTRY and OPINION
Defendant-appellant James A. Wiggins appeals from his sexual predator classification and from his guilty plea. We find no merit to the appeal and affirm.
James Wiggins was indicted on six counts of rape in violation of R.C.2907.02. Each count included a sexually violent predator specification pursuant to R.C. 2971.01(I).
In February 1999, Wiggins retracted his former not guilty plea and entered a plea of guilty to one count of rape, which was amended to delete the sexually violent predator specification. The remaining counts were nolled. As part of the plea agreement, however, Wiggins agreed to be classified as a sexual predator.
Wiggins' sentencing hearing was conducted in March 1999. The trial court sentenced Wiggins to six years in prison and classified him as a sexual predator.
This court granted Wiggins' motion for a delayed appeal and he now appeals assigning three assignments of error.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT ISSUING NOTICE OF APPELLANT'S SEXUAL OFFENDER CLASSIFICATION HEARING AS MANDATED BY R.C. 2950.09.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ADJUDICATED APPELLANT TO BE A SEXUAL PREDATOR WHEN THERE WAS NO EVIDENCE PRESENTED TO SUGGEST APPELLANT MEETS THE GUIDELINES OF R.C. 2950 ET. SEQ.
Wiggins contends he did not receive notice that his sexual predator status would be determined at the sentencing hearing and that there was no evidence presented in support of the trial court's classifying him as a sexual predator.
This court in State v. Bolton (Feb. 24, 2000), Cuyahoga App. No. 75865, unreported, held that when a defendant stipulates as part of his plea bargain that he is to be classified as a sexual predator, such classification is automatic and there is no need for the trial court to conduct a hearing.
The record in the present case clearly indicates that Wiggins stipulated to his sexual predator status as part of his plea agreement. Therefore, because Wiggins stipulated to his sexual predator status, there was no need for evidence to be presented at a hearing because his classification was automatic. Id.
Wiggins' first and third assignments of error are overruled.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ACCEPTING DEFENDANT'S PLEA AGREEMENT, WHEN THE AGREEMENT WAS CONTINGENT ON THE USURPATION OF R.C. 2950.09.
Wiggins contends that his plea is void because it contained a stipulation to his sexual predator status.
A review of the record indicates that the trial court engaged in a detailed discussion with Wiggins at his plea hearing regarding his stipulation to being classified as a sexual predator. Therefore, when Wiggins agreed to this stipulation, he did so knowingly and voluntarily. We cannot say under such circumstances that the trial court erred by accepting his plea which contained the specification. He was clearly aware of the consequences of his plea.
Wiggins' second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and ANN DYKE, J., CONCUR